## BIXBY *v.* MONTPELIER & ST. JOHNSBURY RAILROAD COMPANY.

### *Common Carrier. Evidence.*

In case for injury to a passenger upon a railroad, there was evidence tending to show that the defendant company was duly incorporated and organized, and its road constructed and put in operation, and that trains were being run and business transacted upon it, and men were being employed to keep it in repair; that on the day of the accident that occasioned the alleged injury, plaintiff purchased a ticket at a station on a connecting road, from that station to a station on defendant's road; and that after the train passed onto defendant's road, the conductor recognized plaintiff's ticket as entitling him to a ride over said road, taking up the ticket in the usual way, and allowing him to proceed without objection, soon after which the injury was received. *Held*, that that evidence was proper to submit to the jury as evidence that defendant was at the time of the accident a common carrier operating its road, and had undertaken to transport plaintiff over it.

It appeared that at the time of the accident, one of the cars turned over; that that car had no guard chains connecting the truck with the body of the car, such as are usually attached to keep the wheels in the line of motion; and that one side of the truck, being then raised, fell back on the track, and in so falling, caused the alleged injury. Plaintiff claimed that if there had been chains on the car, the truck would not have fallen back, and that defendant was negligent in not having them there. The conductor of the train, who was looking at the car when it went over, was introduced as a witness, and asked if it was his opinion that if there had been chains on the car, the accident would have happened, and he replied that if the chains had been strong enough, and so attached as to have held the trucks to the car, they would have done so. He was then asked if it was his opinion that if such chains had been on the car as were subsequently put on when the car was repaired, they

would have held the truck to the car, and he answered that they would not. *Held,* that the testimony was not admissible as that of an expert, but that as it was not to the prejudice of defendant, there was no error in its admission upon which defendant could sustain exceptions.

CASE for injury upon a railroad. Plea, the general issue, and trial by jury, August Term, 1875, Washington County, REDFIELD, J., presiding.

The evidence tended to show that the defendant company was duly incorporated and organized ; that its road was constructed and put in operation as a railroad ; that trains were being run and business transacted upon it ; that men were employed by defendant to look after it and keep it in repair ; that on the day of the accident by which the alleged injury was occasioned, the plaintiff at the station in East Hardwick on the Lamoille Valley road, purchased a ticket from that station to St. Johnsbury, passing over the defendant's road from West Hardwick to St. Johnsbury ; that after leaving West Danville, and after the train had passed onto defendant's road, the conductor of the train recognized plaintiff's ticket as entitling him to a passage over the defendant's road, took it up in the usual way, and allowed him to proceed without objection, soon after which the accident occurred.

It appeared that at the time of the accident, one of defendant's cars turned over ; that the car then had no guard chains such as are usually attached to cars, extending from the trucks to the body of the car, for the purpose of keeping the wheels in the line of motion ; and that as the car went over, the trucks were raised from the track on one side, and then fell back, and in falling caused the injury complained of. The plaintiff claimed that if there had been guard chains on the car, the truck would have been carried over with the car, and that he would not have been injured, and that the defendant was negligent in not having such chains on the car. The defendant introduced the conductor of the train, as a witness ; and he was asked on cross-examination if it was his opinion that if guard chains had been on the car the accident would have happened ; to which he replied in substance, that if the guard chains had been strong enough, and so attached as to have held the trucks to the car, they would have done so.

He was then asked if it was his opinion, that if such guard chains had been on the car as were subsequently put on by the defendant when the car was repaired, they would have held the truck to the car; to which he answered that they would not. It appeared that the witness was looking at the car when it turned over. The defendant objected to his evidence upon that point, for that that was a question for the jury, and that as the witness was not shown to be an expert, nor to have had any particular experience in railroad matters, especially upon that question, he could not testify as to his opinion. But the court overruled the objection, and admitted the testimony; to which the defendant excepted. The defendant requested the court to order a verdict for the defendant, for that the plaintiff had not shown that the defendant, at the time of the accident, was a common carrier, was operating its railroad, and had undertaken to transport the plaintiff over it. But the court overruled the motion, and submitted those questions to the jury; to which the defendant excepted.

*Brigham & Waterman*, for the defendant, cited *Bank of Middlebury* v. *Edgerton*, 30 Vt. 182; *Sprague* v *Smith*, 29 Vt. 421; *New England Glass Co.* v. *Lovell*, 7 Cush. 319; *Muley* v. *Mohawk Valley Ins. Co.* 5 Gray, 541; *Robinson* v. *Fitchburg & Worcester Railroad Co.* 7 Gray, 92; *Lincoln and Wife* v. *Barre*, 5 Cush. 590; *Hovey* v. *Sawyer*, 5 Allen, 554; *White* v. *Ballou*, 8 Allen, 408; 1 Greenl. Ev. s. 444.

*J. P. Lamson* (*S. C. Shurtleff* with him), for the plaintiff, cited *Hill, admr.* v. *New Haven*, 37 Vt. 501; *Fulsome* v. *Concord*, 46 Vt. 135; *Weeks* v. *Barron*, 38 Vt. 420; *Schopman* v. *Boston & Worcester Railroad Co.* 9 Cush. 24; 2 Greenl. Ev. 210, 242.

The opinion of the court was delivered by

PIERPOINT, C. J. The defendant insists that upon the trial below, the plaintiff failed to introduce any evidence tending to show that the defendant company were, at the time of the accident, common carriers, and had undertaken to transport the plain-

tiff over their road, and were then operating said railroad, and that their request that the court would so hold, and direct a verdict for the defendant, should have been complied with, and that the court erred in submitting the case to the jury.

In examining the evidence which is made a part of the case, it appears that the defendant was duly incorporated and organized; that the road was constructed, and went into operation as a railroad, trains were being run, and business transacted upon it, men were employed by the defendant to look after it and keep it in repair; at least, the testimony tended to show all this. The testimony also tended to show, that on the day of the accident, the plaintiff, at the station in East Hardwick on the Lamoille Valley road, purchased a ticket from said station to St. Johnsbury, passing over the defendant's road from West Hardwick to St. Johnsbury. After leaving West Danville, and after the train had passed onto the defendant's road, the conductor of the train recognized the plaintiff's ticket as entitling him to a passage over the defendant's road, took up his ticket in the usual way, and allowed him to proceed without objection. Soon afterwards, the accident occurred that resulted in the injury complained of. Upon this testimony we think the plaintiff was clearly entitled to go to the jury; and if they found the facts as the evidence tended to show, in the absence of any proof by the defendant that the road was not their road, and was not being operated in the usual way of operating railroads, the proof of which would be peculiarly within the defendant's knowledge, we think the jury would be fully justified in finding the facts necessary, upon this branch of the case, to entitle the plaintiff to recover.

The defendant further claims that the court erred in allowing the question to be put to the conductor as stated in the exceptions. He was asked " if, in his opinion, if guard-chains had been on said passenger car, the accident would have happened." To understand the force of this question and the answer to it, it is proper to say that guard-chains are attached to the trucks and to the body of a car for the purpose (as we understand) of keeping the wheels nearly in the line of motion of the car when it is running, and not as a means of holding the trucks to the car. There

were no guard-chains upon the car that turned over, at the time of the accident. As the car went over, the trucks were raised on one side, and then fell back upon the track, and in falling back, caused the injury. The plaintiff claimed that if there had been guard-chains on the car, the trucks would have been carried over with the car; and the plaintiff would not have been injured, and that the defendant was negligent in not having such chains on the car, and it was in reference to this that the question was put. The conductor was not an expert, and had no peculiar knowledge upon the subject, and his opinion was not admissible; and if his answer was such that the defendant could have been prejudiced thereby, the judgment should be reversed. The reply of the witness was, in substance, that if the guard-chains were strong enough, and so attached as to hold the trucks to the car, they would have done so. This was merely stating a self-evident proposition, about which there could be no controversy, and one that could not prejudice either party. The question was then put to the witness, Suppose such guard-chains had been upon the car as were subsequently put on by the defendant when the car was repaired, would they, in your opinion, have held the trucks to the car? To which he answered, that they would not. Of this answer the defendant cannot complain, as it was clearly in his favor, and tending to show that if guard-chains had been upon the car, the result would probably have been the same. As the testimony could not have operated to the injury of the defendant, its admission furnishes no sufficient ground for reversing the judgment upon the exceptions.

Judgment affirmed.